# In the United States District Court for the Southern District of Georgia Savannah Division

UNITED STATES OF AMERICA,

v.

HERMAN LAMONT DESSASURE,

Defendant.

4:23-cr-32

## ORDER

The Magistrate Judge issued a Report and Recommendation for the Court to deny Defendant's motion to suppress. Dkt. No. 70. Defendant filed Objections to the Magistrate Judge's Report and Recommendation, which are presently before the Court. Dkt. No. 71.

Defendant raises four Objections to the Magistrate Judge's Report and Recommendation. Dkt. No. 71. First, Defendant argues criminal trespass was not cited by the arresting officers. Second, Defendant contends the stop was an investigatory stop and not a consensual encounter. Third, Defendant contends the mall security officer and Officer Crosby blocked his path and restrained him. Fourth, Defendant objects to the Magistrate Judge's statement that no officers surrounded Defendant. Defendant states the body worn camera evidence shows two additional officers directly behind Defendant immediately after the firearm was discovered. Id.

Defendant argues criminal trespass was not cited by the arresting officers. Defendant was arrested and indicted for possession of a firearm by a prohibited person under 18 U.S.C. § 922(g)(1). Dkt. No. 1. The arresting officers had no need to cite the criminal trespass statute because Defendant was not arrested for criminal trespass. The mall security officer and Officer Crosby initiated the consensual encounter with Defendant on suspicion of criminal trespass. There is no need to cite a statute when initiating a consensual encounter. See United States v. Debona, 759 F. App'x 892, 897 (11th Cir. 2019) (stating officers did not need a particularized suspicion to approach defendant in a public place to ask questions). Once the officers engaged Defendant in a conversation, Defendant revealed he had a firearm and admitted he was a convicted felon. The officers then arrested Defendant for possession of a firearm as a convicted felon.

Defendant's remaining Objections can be grouped together. Defendant contends the encounter was an investigatory stop and not a consensual encounter. Defendant argues the mall security officer and Officer Crosby restrained him by blocking his path and that two other officers surrounded him when the firearm was discovered.

However, the video evidence in the case does not support Defendant's arguments. At the evidentiary hearing before the Magistrate Judge, the Government submitted Savannah Police Department body-worn camera footage of the incident. Dkt. No. 66.

The video evidence shows the mall security officer and Officer Crosby approached Defendant in the middle of a public corridor of the mall at approximately 0:00:35. The video shows the mall security officer and Officer Crosby did not block Defendant's path when they approached him. The video shows Defendant even took extra steps past the mall security officer before he stopped to engage in the conversation. At 0:00:41, the mall security officer asked him to pull up his shirt, and Defendant stated he had a firearm. At this point, Defendant is only engaged with the mall security officer and Officer Crosby. Officer Crosby removed the firearm from Defendant's waistband at approximately 0:00:53. No other officers are present in the video at this time. Additional officers appear behind Defendant at 0:00:57-only after the firearm was removed.

Until the firearm was removed, Defendant was freely engaged in conversation with the security officers in a public corridor. The officers did not block Defendant's path, and no additional officers were present until the firearm was removed. The video evidence shows this was a consensual encounter. See United States v. Espinosa-Guerra, 805 F.2d 1502, 1507 (11th Cir. 1986) ("A police officer may approach an individual in a public place, identify himself as a law enforcement officer, and, in a non-coercive manner, ask the individual a few questions, without converting the encounter into a seizure.").

The Magistrate Judge correctly determined that Defendant's interaction with mall security and Officer Crosby constituted a consensual encounter. Dkt. No. 70 at 6. The Magistrate Judge also correctly determined the encounter transitioned from a consensual encounter to a valid investigatory stop when Officer Crosby removed Defendant's firearm. Id. at 7. As noted above, the additional security officers did not arrive until after the firearm is removed and Officer Crosby begins to question Defendant regarding his status as a convicted felon. Nothing in the video suggests that the additional officers surrounded Defendant prior to discovery of the firearm.

After an independent and de novo review, I **OVERRULE** Defendant's Objections and **ADOPT** the Magistrate Judge's Report and Recommendation, as supplemented herein, as the opinion of this Court. The Court **DENIES** Defendant's motion to suppress.

**SO ORDERED**, this 26 day of August, 2025.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA